(Atlanta,
BIEL OF EXCEPTIONS—EVIDENCE MUST BE INCORPORATED OR ATTACHED—IDENTIFICATION BY SIGNATURE OF JUDGE.*—'Rule tenth requires a brief of the oral and a copy of the written testimony in the case shall be incorporated in the bill of exceptions, or be attached thereto, as an exhibit; and, in the latter case, it shall be identified as true by the signature of the Judge thereupon, and for failure to comply with this rule the bill of exceptions will be dismissed. (R.)
Pridgen held a judgment against one Martin, and garnisheed “John W. Duer, Ordinary of !said county, claiming in his affidavit $370 82.” He answered that as Ordinary he owed Martin $200 00, but as an individual he owed him *nothing,- nor had any of his effects. Pridgen’s counsel moved to enter judgment against Duer, as Ordinary, for $200 00, but the Court would not allow it and discharged the garnishee, Pridgen’s counsel sued out a bill of exceptions, to correct this error. He therein stated, that he “exhibited to the Court a judgment obtained by him against the said principal debtor, George W. Martin, for the sum of $66 28, besides interest and costs.”
Upon motion of counsel for defendant in error, the cause was dismissed, because the evidence was not exhibited to or in the bill of exceptions, as required by the tenth rule of this Court.
BILL OF EXCEPTIONS—EVIDENCE MUST BE INCORPORATED OR ATTACHED.—“Where no motion for a new trial is made, and a case is brought to this court by direct exception, a brief of the oral and a copy of the written testimony should be embodied in the bill of exceptions, or exhibited thereto and properly identified. It is not sufficient to state in the bill of exceptions that certain deeds were introduced in evidence, giving the names of the grantors and grantees, dates, and attesting witnesses, and stating that the deeds covered the premises in dispute. It is a copy, not an abbreviation of the written evidence which the rule of court requires; and a plaintiff in error cannot, by an ex parte abbreviation, claim a compliance with the law. Rule 10 of Supreme Court, (Code 1882, p. 13-57); (Pridgen v. Duel,) 41 Ga. 420; (Pounds v. Hanson,) 64 Ga. 668; (Colquitt v. Solomon,) 61 Ga. 492, 495; (Lee v. Porter,) 63 Ga. 345; (Parker v. Dowdy,) 58 Ga. 439.” McMillan v. Davis, 71 Ga. 866.